Howard W. Brill, Chief Justice, concurring in part and dissenting in part. Come gather ’round people Wherever you roam And admit that the waters Around you have grown And accept it that soon You’ll be drenched to the bone If your time to you is worth savin’ Then you better start swimmin’ or you’ll sink like a stone For the times they are a-changin’ [[Image here]] |aaCome senators, congressmen Please heed the call ' Don’t stand in the doorway Don’t block up the hall For he that gets hurt Will be he who has stalled There’s a battle outside and it is ragin’ Bob Dylan[1] The Supreme Court of the United States has held that state bans on same-sex marriage violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Obergefell v. Hodges, 576 U.S. -, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015). See also Ark. Const, art. II, § 3 (“The equality of all persons before the law is recognized.”). The six plaintiffs in this case have sought judicial relief to obtain birth certificates for' their children. It is true that “individuals need not await legislative action before asserting a fundamental right.” Obergefell, 576 U.S. at -, 135 S.Ct. at 2605. But our tripartite system of government rests on the premise that the three branches not only have separate powers, but also have unique powers and responsibilities and capabilities. I write this opinion, concurring in part and dissenting in part, to highlight the roles of all three branches. I would affirm in part the ruling of the circuit court, and I would reverse in part the ruling of the circuit court. I. The Effect of Obergefell 12aThe holding in Obergefell is narrow: The Supreme Court declared same-sex marriage legal in all fifty states. The question here is the broader impact of that ruling as it affects' birth certificates. In its list of aspects of marital status, the Court mentioned “birth certificates.” The present case asks whether a married same-sex couple is entitled to a birth certificate for a child born to ,one of the married individuals. The logical extension of Obergefell, mandated by the Due Process Clause and the Equal Protection Clause, is that a same-sex married couple is entitled to a birth certificate on the same basis as an opposite-sex married couple. As the Court stated in Obergefell, same-sex couples may not be denied “the constellation of benefits that the States have linked to marriage.” 576 U.S. at -, 135 S.Ct. at 2601. The right to a birth certifícate is a corollary to the right to a marriage license. I analyze the circuit court’s ruling, and the issues presented, in light of three scenarios. A. Scenario One Two married couples wish to be parents. Unable to conceive naturally, they use an anonymous donor’s sperm for artificial insemination. In each couple, the woman gives birth to a child. The first couple is a man and a woman. Arkansas Code Annotated section 9-10-201(a) (Repl. 2015) “deems” the husband to be the father of the child, provided that he has consented in writing to the artificial insemination. The donor has no legal responsibility or rights to the child. The birth certificate will name the woman and her husband as the parents of the child. li>4The second couple is a woman and a woman. But the language of the statute says “husband.” At oral argument, the State of Arkansas conceded, properly so, that, pursuant to the Court’s holding in Obergefell, the second couple is entitled to a birth certificate listing both women as parents. The State suggested that this court simply substitute the word “spouse” for “husband” in section 9-10-201(a). This statutory provision was not fully litigated below and was not ruled on by the circuit court. Without engaging in that statutory legerdemain, the circuit court granted the relief in decreeing the issuance of birth certificates to the two married same-sex couples. In light of Obergefell, this court should affirm that result. Accordingly, I dissent from that part of the majority opinion denying relief.[2] I would remand this part of the circuit court’s order for appropriate action. B. Scenario Two Two unmarried couples wish to be parents. Unable to conceive naturally, they use the sperm of an anonymous donor for artificial insemination. In each instance, the woman gives birth to a child. The first couple is a man and woman. The second couple is a woman and a woman. After the child is born to the woman, the couple marries and seeks a birth certificate with both names. Neither couple may use section 9-10-201(a), which is limited to couples married at the time of the artificial insemination. How is the other individual to be added to the birth certificate as a parent? How do these couples obtain a birth certificate? After Obergefell, may the burden on the same-sex couple be greater than the burden on the opposite-sex couple? 12sArkansas Code Annotated section 20-18-406(a)(2) (Repl. 2014) states that a new birth certificate will be issued when there is “any evidence, as required by regulation, proving that the person has been legitimated, or that a court of competent jurisdiction has determined the paternity of the person or that both parents have acknowledged the paternity of the person.” Although the application of this provision may be obvious in the case of an opposite-sex couple, it is not obvious in the case of a same-sex couple. What is the “evidence, as required by regulation”? What is the meaning of “the person has been legitimated”? What is the “paternity of the person”? I concur with the majority’s decision that the circuit court exceeded its authority in giving a court-ordered definition of the phrase “person has been legitimated” in Arkansas Code Annotated section 20-18-406. In addition, the circuit court’s striking subsections (e) and (f) of Arkansas Code Annotated section 20-18-401 may have unforeseen consequences or an impact on parents going far beyond those in this litigation. The circuit court had no basis to award this particular relief to the unmarried couple who had a child and subsequently married. Legislative and executive actions are necessary to provide what Obergefell requires. The need for legislative and executive action is demonstrated by consideration of an affidavit submitted by the State in its motion for summary judgment. Melinda Allen, the Vital Records State Registrar for the Arkansas Department of Health, stated, in relevant part, If an Arkansas hospital where a woman gives birth to a child submits documentation to ADH reflecting both the woman and her spouse or another person as parents of the child, ADH issues an original birth certificate reflecting both the woman and her spouse or other indicated ^person as parents of the child .... ADH processes all original birth certificates of children bom in Arkansas hospitals based upon information submitted by the hospitals without regard to the sexual orientation, gender, or marital status of the woman giving birth to the child, and without regard to the sexual orientation, gender, or marital status of any other parent of the child. The affidavit of Melinda Allen also states, ADH amends birth certificates to add a parent if presented with a court order determining parentage or otherwise granting parental rights to an intended parent, or approving adoption by an intended parent, or otherwise instructing ADH to amend a birth certificate to add an intended parent. ADH processes such amendments without regard to the sexual orientation, general, marital status, or any other characteristic of any parent or intended parent of a child. The circuit court appears to have relied on Allen’s affidavit that the unmarried, same-sex couple was nevertheless entitled to a birth certificate at the time of the child’s birth. However, that affidavit, and the practice that it proclaims, may be inconsistent with the existing Arkansas statutes. For instance, the affidavit speaks of the “intended parent,” a phrase not found in that statutory provision. I can only repeat the point made above that legislative and executive actions are needed to effect appropriate and required changes. C. Scenario Three Two married couples, one opposite-sex and one same-sex, wish to be parents. In the case of each couple, none of the spouses could give birth. If a child- becomes available to the couples, the statutory mechanism for parenthood is adoption. See Ark. Code Ann. §§ 9-9-201 et seq. Under the rationale of Obergefell, both married couples are to be treated equally. The law is now gender-neutral: each couple may now seek adoption under the statutory standards and obtain a birth certificate. |27II. Conclusion These scenarios are a mere preview of the variations that may be presented by the changes in society and the changes in reproductive methods. Regardless of personal values and regardless of a belief that the United States Supreme Court may have ‘wrongfully decided a legal issue, all are bound by the law of the land.[3] See U.S. Const, art. VI, cl. 2. The oath taken by state judges, legislators, and executive officers is to uphold the Constitution of the United States and the Constitution of the State of Arkansas. This court has no power to order the legislature to make statutory changes or the executive branch to alter regulations.[4] The three branches of our government protect the constitutional rights of its citizens. In Federal Express Corporation v. Skelton, 265 Ark. 187, 197, 578 S.W.2d 1, 7 (1979), this court aptly stated, Our government is composed of three separate independent branches: legislative, executive and judicial. Each branch has certain specified powers delegated to it. The legislative branch of the State government has the power and responsibility to proclaim the law through statutory enactments. The judicial branch has the power 12Sand responsibility to interpret the legislative enactments. The executive branch has the power and responsibility to enforce the laws as enacted and interpreted by the other two branches. The times indeed are a-changin’. All three branches of the government must change accordingly. It is time to heed the call. . Bob Dylan, The Times They Are A-Changin’ on The Times They Are A-Changin’ (Columbia Records 1964). The Nobel Prize in Literature was awarded to Bob Dylan "for having created new poetic expressions within the great American song tradition.” Press Release-The Nobel Prize in Literature 2016 (Oct. 13, 2016), <https://nobelprize.org/nobel prizes/literature/laureates/20 16/press/html > . Although I find some of Judge Fox's comments inappropriate, I dissent from the majority's decision to admonish him. . Following the Obergefell decision, Governor Asa Hutchinson issued the following statement: "While my personal convictions will not change, as Governor I recognize the responsibility of the state to follow the direction of the U.S. Supreme Court. As a result of this ruling, I will direct all state agencies to comply with the decision-” Press Release of June 26, 2015. . See Marie v. Mosier, 196 F.Supp.3d 1202, 2016 WL 3951744 (D. Kan. July 22, 2016) ■ (issuing an injunction against state defendants to comply with the broad holding of Obergefell and stating that the court "cannot assign plaintiffs' constitutional rights to ... uncertainty ... [of] defendants' assurances of future compliance); Henderson v. Adams, — F.Supp.3d -, 2016 WL 3548645 (S.D. Ind. June 30, 2016) (holding that statutory scheme violated same-sex parents’ rights to equal protection); Brenner v. Scott, 2016 WL 3561754 (N.D. Fla. Mar. 30, 2016) ("That the Legislature chose not to pass legislation to bring Florida['s birth certificate statute] into compliance [with the ruling in Obergefell ] does not help [state officials].'').